

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. T. Graham
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. 0-5274
Re: Nepotism—appointment by city
manager of employee related
within prohibited degree to
member of city commission.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Section 20 and Section 21 of the Charter of the City of Brownsville in Cameron County, Texas read as follows:

"'Section 20. CITY MANAGER -- His Responsibilities and Powers of Appointment and Removal -- Removal of Officers and Employees -- And Non-Interference with Appointments and Removals. The Commission shall appoint an officer whose title shall be City Manager, and he shall be the chief executive officer and head of the administrative branch of the City government. The city manager shall be chosen by the Commission solely on the basis of his executive and administrative qualifications with special reference to his actual experience in or his knowledge of accepted practices in respect to his duties of the office as hereinafter outlined. At the time of his appointment he need not be a resident of the city or State, but during his tenure of office he shall reside within the city. No person elected to membership on the City Commission shall, subsequent to such election, be eligible for appointment

Honorable F. T. Graham, Page 2

as city manager until one year has elapsed
following the expiration of the term for which
he was elected.

"'The City Manager shall be appointed for
an indefinite term but he may be removed by
a majority vote of the members of the City
Commission on thirty days prior notice of
their intention to remove him. The action of
the Commission in removing the Manager shall
be final. In case of the absence of the Man-
ager, he may, with the approval of the City
Commission, designate a qualified administra-
tive officer of the city to perform his duties
during his absence, and absence shall include
temporary disability on account of sickness,
or otherwise.

"'The City Manager shall be responsible to
the City Commission for the proper administra-
tion of all affairs of the City in his charge
and to that end, except as otherwise provided
in this charter, and, subject to any provisions
herein with reference to a Civil Service, he
shall have the power to appoint and remove all
officers and employees in the administrative
service of the city, except the City Attorney,
who shall be appointed by the City Commission,
but the Manager may authorize the head of a
department or office responsible to him to
appoint and remove subordinates in such depart-
ment or office. Appointments made by or under
the authority of the City Manager shall be on
a basis of executive and administrative abil-
ity and of the training and experience of such
employees in the work which they are to per-
form; all such appointments shall be without
definite term.

"'Any officer or employee to whom the City
Manager, or the head of a department or office,
may appoint a successor, may be removed by the
City Manager, or other appointing officer, at
any time, but the decision and action of the

Honorable F. T. Graham, Page 3

Manager with reference to appointments, as well as removals, shall be final and there shall be no appeal therefrom to any other office, body or court whatsoever.

"'Neither the City Commission, nor any of its committees or members, shall direct or request the appointment of any person to or his removal from office by the City Manager or any of his subordinates, or in any manner take part in the appointment or removal of officers and employees in the administrative service of the city. Except for the purposes of inquiry, the Commission and its members shall deal with the administrative service solely through the City Manager and neither the Commission, nor any member thereof, shall give orders to any subordinate of the City Manager, either publicly or privately. Any violation of the provisions of this paragraph by a member of the Commission shall be a misdemeanor, conviction of which shall immediately forfeit the office of the member so convicted.'

"'Section 21. DUTIES OF CITY MANAGER; RIGHTS OF MANAGER AND OTHER OFFICERS AT COMMISSION MEETINGS; HEADS OF DEPARTMENTS AND DIVISIONS THEREOF; INVESTIGATION OF CITY MANAGER BY CITY COMMISSION -- It shall be the duty of the City Manager to act as chief conservator of the peace within the city; to supervise the administrative affairs of the city; to see that the ordinances of the city and laws of the State are enforced; to make such recommendations to the Commission concerning the affairs of the city as may seem to him desirable; to keep the Commission advised of the financial condition and needs of the city; to prepare and submit to the Commission such reports as may be required by that body, and to perform such other duties as may be prescribed by this Charter.

"'The City Manager shall be entitled to a seat in all Commission meetings, but shall

Ionorable F. T. Graham, Page 4

have no vote therein. On vote of the Commis-
sion, the heads of all departments and such
other officers of the City as may be desig-
nated by vote therefor, shall also be entitled
to seats in the Commission meeting, but shall
have no vote therein. The Manager shall have
the right to take part in the discussion of
all matters coming before the Commission meet-
ing, and the heads of all departments and
other officers shall be entitled to take part
in all discussions of the Commission relating
to their respective departments and offices.
. . . . .'

"The City Manager has employed as city employees
persons who are related to one of the City Commis-
sioners within the degree of relationship prohibited
by Article 432 of the Penal Code of the Revised
Statutes of Texas, 1925.

"Subsequent to the employment by the City Man-
ager of persons related within the prohibited de-
gree to one of the City Commissioners, the City
Commission, (at one of its meetings in which the
Commissioner so related to such city employees,
took part and voted) voted to raise the salaries
of all city employees, including the particular
employees so related to said City Commissioner.

"The City Commission, as I construe the per-
tinent Charter provisions of the City of Browns-
ville which are hereinabove quoted, has nothing
whatever to do with the hiring or firing of city
employees other than the City Manager himself and
the City Attorney; the City Commission does, how-
ever, have power to prescribe salaries to be paid
to the various employees hired by the City Manager.

"The City Manager, knowing the employees in
question were related to one of the City Commis-
sioners within the degree prohibited by Article
432 of the Penal Code, Revised Statutes, 1925,
continued to keep such employees on the city

Onorable F. T. Graham, Page 5

payroll and continued to approve the monthly pay-
roll which carried such employees' names and
salaries, and continued to pay them from city
funds.

"The City Manager has advised me that he and
the said City Commissioner have been threatened
with charges of nepotism and he has apprised me
of the facts and has requested an opinion of me
as County Attorney as to whether or not, under
the facts hereinabove set out, he and the Commis-
sioner involved are guilty of any violation of
the nepotism laws of the State of Texas, advising
me that he and such Commissioner desire to comply
with the provisions of the various Penal Statutes
and if they have in the past violated such Stat-
utes, they desire to know in what respects, in
order that they may cease to so violate them in
the future.

"Article 432 of the Penal Code, Revised Stat-
utes, 1925, provides:

"'No officer of this State or any officer
of any district, county, city, precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any
State, district, county, city, school district
or other municipal board, or judge of any
court, created by or under authority of any
general or special law of this State, or any
member of the Legislature, shall appoint, or
vote for, or confirm the appointment to any
office, position, clerkship, employment or
duty, of any person related within the second
degree by affinity or within the third degree
by consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a
member, when the salary, fees, or compensation
of such appointee is to be paid for, directly
or indirectly, out of or from public funds or
fees of office of any kind or character whatso-
ever.'

Honorable F. T. Graham, Page 6

"Article 433 of such Penal Code provides:

"'The inhibitions set forth in this law shall apply to and include the Governor, Lieutenant Governor, Speaker of the House of Representatives, Railroad Commissioners, head of departments of the State government, judges and members of any and all Boards and courts established by or under the authority of any general or special law of this State, members of the Legislature, mayors, commissioners, recorders, aldermen and members of school boards of incorporated cities and towns, public school trustees, officers and members of boards of managers of the State University and of its several branches, and of the various State educational institutions and of the various State eleemosynary institutions, and of the penitentiaries; This enumeration shall not be held to exclude from the operation and effect of this law any person included within its general provisions.'

"Article 434 of such Penal Code provides:

"'No officer or other person included within any provision of this law shall appoint or vote for appointment or for confirmation of appointment to any such office, position, clerkship, employment or duty of any person whose services are to be rendered under his direction or control and to be paid for, directly or indirectly out of any such public funds or fees of office, and who is related by affinity within the second degree or by consanguinity within the third degree to any such officer or person included within any provision of this law, in consideration, in whole or in part, that such other officer or person has theretofore appointed, or voted for the appointment or for the confirmation of the appointment, or will thereafter appoint or vote for the appointment, or for the confirmation of the appointment to any such office, position or clerkship, employment or duty of any person whomsoever related within

Honorable F. T. Graham, Page 7

the second degree by affinity or within the
third degree by consanguinity to such officer
or other person making such appointment.'

"Article 69 of such Penal Code provides:

"'Any person who advises or agreed to the
commission of an offense and who is present
when the same is committed is a principal wheth-
er he aid or not in the illegal act.'

"Assuming that except for the City Manager's
having continued to pay the salaries of the em-
ployees related to such City Commissioner, after
such City Manager knew of such prohibited relation-
ship and after the City Commission at one of its
meetings undertook to raise all salaries of all
city employees (at which meeting of the City Com-
mission the Commissioner in question participated
and voted) and assuming that except for these
facts there is no collusion or trading as contem-
plated by Article 434 of the Penal Code, I respect-
fully request your opinion on the following ques-
tions:

"1. Is the City Commissioner who is related
within the prohibited degree to employees of the
city hired by the City Manager, guilty of nepo-
tism under our Statutes?

"2. Is the City Manager of the City of Browns-
ville, under the facts given, guilty of nepotism
under our Statutes by virtue of the provisions
of Article 69 of the Penal Code?

"3. Does the fact that the City Commissioner
in question participated in and voted at a meet-
ing of the City Commission, in which salaries
of all city employees were raised, including
those who had been hired by the City Manager
and who were related to such Commissioner with-
in the prohibited degree, render him guilty of
nepotism under the provisions of Article 432 of
the Penal Code taken in conjunction with the pro-
visions of Article 434 of the Penal Code?

". . . ."

Honorable F. T. Graham, Page 8

This department has repeatedly ruled that the appointment of a relative of a member of the commissioners' court by another county officer as a deputy is not in violation of the nepotism law and that the fact that the commissioners' court sets the number of deputies to be appointed does not amount to a confirmation of the appointment.

On February 9, 1932, this department held, in an opinion by Honorable R. G. Waters, Assistant Attorney General, that it was not a violation of the nepotism law for a tax collector to appoint as his assistant or deputy a son of a county commissioner after the commissioners' court had authorized the appointment of such deputy in accordance with Article 3902, Revised Civil Statutes of Texas.

On March 2, 1935, this department held in an opinion by Honorable C. M. Kennedy, Assistant Attorney General, that a deputy sheriff who is a first cousin of one of the members of the commissioners' court would not be prohibited from serving as such or did his appointment by the sheriff violate the terms of Article 432, Penal Code of Texas, or the allowance of his salary by the commissioners' court constitute a violation of such nepotism law because the commissioners' court did not appoint or vote for or confirm the appointment of such deputy sheriff.

On September 21, 1935, this department held in an opinion by Honorable Joe J. Alsup, Assistant Attorney General, that a person related to the county judge in the prohibited degree may serve as deputy clerk and the fact that the commissioners' court sets the number of deputies to be appointed does not amount to a confirmation.

This department held on December 29, 1936, in an opinion by Honorable William McCraw, Attorney General of Texas, that the appointment of an uncle of one of the members of the commissioners' court as assistant district attorney was not a violation of the nepotism law of the State of Texas.

On July 6, 1937, this department held in an opinion by Honorable J. H. Broadhurst, Assistant Attorney General, that appointment of a relative of a member of the commissioners' court by another county officer as a deputy was not in violation of the nepotism law.

Honorable F. T. Graham, Page 9

Opinion No. O-480 of this department holds that it is not a violation of the nepotism law for a District Clerk to appoint as his deputy a daughter of one of the county commissioners.

Opinion No. O-875 of this department holds that it is not a violation of the nepotism law for a District Clerk to appoint as his deputy a sister of the County Judge. We quote from said opinion as follows:

"Under the provisions of Article 3902, Revised Civil Statutes, the county officer desiring deputies, makes the application outlined in said article to the commissioners' court for the authority to appoint such deputies. The commissioners' court grants the authority to appoint to the officer and sets the salary before the appointment is made. The commissioners' court has no authority to attempt to designate whom the officer shall appoint and is specifically forbidden to do so by this article. The commissioners' court does not confirm the appointee.

"In answer to your first question, you are respectfully advised that it is the opinion of this department that it is not a violation of the nepotism law for the district clerk to appoint a deputy district clerk who is a sister of the acting county judge of the county. You are further respectfully advised that it is the opinion of this department that in such case the commissioners' court does not confirm the appointment."

Opinion No. O-1954 of this department holds that it is not a violation of the nepotism law for the sheriff-tax assessor-collector to appoint as his deputy a brother-in-law of a county commissioner.

Opinion No. O-4330 of this department holds that since the commissioners' court merely authorizes the appointment of an assistant county attorney and does not name or confirm the appointee it would not be a violation of the nepotism law for a county attorney to appoint as his assistant a first cousin of the county judge.

Opinion No. O-4720 of this department holds that it is not a violation of the nepotism law for a Criminal District Attorney to appoint as his assistant the son of one of the county commissioners of the county.

Under the facts stated and under the charter provisions quoted in your letter the city employees and officers (with the exception of the city manager and city attorney) are appointed, hired, employed and removed by the city manager--the city commission neither appoints, confirms nor removes such employees and officers--in fact the city commission is prohibited by Section 2D of the city's charter from taking any part in the appointment or removal of such officers and employees, with severe and appropriate penalties attached thereto.

It is our opinion under the facts stated that each of your questions should be answered in the negative, and are so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 15, 1943

By

Wm. J. Fanning
Assistant

WJF:mp


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN